UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA GUYETTE,

       Plaintiff,

v.                                                Case No. 3:18-cv-944-J-JRK

ANDREW M. SAUL,[1]
Commissioner of Social Security,

       Defendant.

_____

## OPINION AND ORDER[2]

### I. Status

Joshua Guyette ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability income benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of sleep apnea, lumbar radiculitis, multilevel spondylosis, arthropathy, congenital lumbar spinal stenosis, posterior annular disc calcification, and "[m]ild compression on the cal sac." See Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed October 12, 2018, at 72, 87-88, 100-01, 244 (emphasis

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed October 12, 2018; Reference Order (Doc. No. 15), entered October 16, 2018.

omitted). Plaintiff filed an application for DIB on December 3, 2014[3] and for SSI on March 30, 2015,[4] alleging a disability onset date of August 18, 2012. Tr. at 215 (DIB); Tr. at 217 (SSI). The applications were denied initially, Tr. at 72-82, 83, 117-19 (DIB); and upon reconsideration, Tr. at 87-99, 113, 116, 123-27 (DIB); Tr. at 100-12, 114, 115, 128-32 (SSI).[5]

On August 2, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by a non-attorney representative, and a vocational expert ("VE"). Tr. at 36-71. Plaintiff was forty-one years old at the time of the hearing. Tr. at 41. The ALJ issued a Decision on August 30, 2017, finding Plaintiff not disabled through the date of the Decision. Tr. at 17-30.

On September 14, 2017, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 212. The Appeals Council received additional evidence in the form of a brief authored by Plaintiff's representative. Tr. at 6-7; see Tr. at 326-27 (brief). On June 1, 2018, the Appeals Council denied Plaintiff's request for review, Tr. at 3-5, thereby making the ALJ's Decision the final decision of the Commissioner. On August 3, 2018, Plaintiff

---

[3] Although actually completed on December 3, 2014, see Tr. at 215, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as December 2, 2014, see, e.g., Tr. at 72, 87.

[4] Although actually completed on March 30, 2015, see Tr. at 217, the protective filing date of the SSI application is listed elsewhere in the administrative transcript as March 27, 2015, see, e.g., Tr. at 100.

[5] The administrative transcript does not contain a copy of the initial denial of Plaintiff's SSI application. The SSI application was evidently initially denied, however, because it was denied upon reconsideration.

commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes the following argument: "The ALJ erred by not commenting o[n] . . . Plaintiff's need to elevate his legs." Memorandum in Support (Doc. No. 17; "Pl.'s Mem."), filed December 12, 2018, at 6 (emphasis and capitalization omitted); see Pl.'s Mem. at 6-7. On February 8, 2019, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-30. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 18, 2012, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar disc disease, thoracic disc disease, cervical disc disease requiring fusion surgery, obesity, sleep apnea, major depression, diabetes mellitus, and osteoarthritis of the knee." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §§ 404.1567(a) and 416.967(a)] with the following limitations: Maximum lifting of 10 pounds occasionally and 5 pounds frequently and sit for up to 6 hours, but walking and standing would be limited for up to 2 hours each. [Plaintiff] requires a sit or stand option that allows for a change of position at least every 30 minutes which is a brief positional change lasting no more than 3 minutes at a time where [Plaintiff] remains at the workstation during the positional change. [Plaintiff] can push and pull as much as lift and carry. [Plaintiff] is limited to occasional use of foot controls and hand controls; occasional overhead reaching; frequent handling, fingering, and feeling; occasional climbing ramps and stairs; no climbing ladders or scaffolds; and frequent balancing, stooping, and crouching. [Plaintiff] can occasionally kneel, but never crawl. [Plaintiff] should avoid environments with unprotected heights and moving mechanical parts. [Plaintiff] should have no concentrated exposure to humidity, wetness, dust, fumes or gases. He needs to avoid environments with temperature extremes. [Plaintiff] is limited to simple tasks and simple work[-]related decisions, and [Plaintiff] is limited to no more than

occasional interaction with supervisors, coworkers, and the general public. Time off task can be accommodated by normal breaks.

Tr. at 22 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff is "unable to perform any past relevant work." Tr. at 28 (emphasis omitted); see Tr. at 28-29. At step five, after considering Plaintiff's age ("36 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the testimony of the VE and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 29 (emphasis and citation omitted), such as "Table Worker," "Addresser," and "Sorter," Tr. at 30. The ALJ concluded that Plaintiff "has not been under a disability . . . from August 18, 2012, through the date of th[e D]ecision. Tr. at 30 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather,

the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

As noted above, Plaintiff takes issue with the ALJ's consideration of Plaintiff's need to elevate his legs. The undersigned initially summarizes the parties' argument and sets out the applicable law. Then, Plaintiff's argument is addressed.

Plaintiff contends that although the ALJ mentions that Plaintiff testified he elevated his legs, the ALJ "never commented on the accuracy of that statement or the reasons to discount that statement." Pl.'s Mem. at 7. According to Plaintiff, the ALJ erred in rejecting Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms (such as the need to elevate his legs) "without any additional explanation." Id. Plaintiff asserts the VE testified that "the need to elevate [Plaintiff's] legs would eliminate all work and . . . [P]laintiff would be disabled." Id. at 6.

Responding, Defendant argues that "[a]s discussed by the ALJ, Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the objective medical evidence." Def.'s Mem. at 6 (citation omitted). According to Defendant, "Plaintiff contends that the ALJ should have included in his RFC finding a need to elevate his legs, but the evidence does not support such a

finding." Id. at 8. Defendant asserts that "[t]he ALJ's RFC finding accounted for all of Plaintiff's limitations that the record supported." Id. at 7 (citation omitted).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject a claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The Social Security Administration recently issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The Administration has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the

R]egulations do not use this term." Social Security Ruling 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017).[7] "In doing so, [the Administration has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 23-24. The ALJ stated that "[t]he medical evidence of record suggest[s] that [Plaintiff] can sustain a greater capacity than he described at the hearing or in his reports to Disability Determinations." Tr. at 26-27. The ALJ found that "neither the severity of [Plaintiff's] impairments nor the extent of his alleged limitations is supported by the objective medical and other evidence of record." Tr. at 27.

---

[7] There was a prior version of SSR 16-3P in place at the time of the ALJ's Decision. See SSR 16-3P, 2016 WL 1119029 (Mar. 16, 2016). The same relevant language quoted in this Opinion and Order appears in this prior version. See id. at *1.

The ALJ's Decision reflects adequate consideration of the various factors and of Plaintiff's testimony and allegations. See Tr. at 23-28. The ALJ specifically recognized Plaintiff's testimony "that he elevates his legs at least twice throughout the day." Tr. at 23; see Tr. at 50 (testimony). Contrary to Plaintiff's assertion that the ALJ provided no explanation for his finding regarding Plaintiff's subjective symptoms, the ALJ provided specific examples, summarized below. See Tr. at 27.

The ALJ noted that "[o]n examination in December 2014, [Plaintiff] had 5/5 motor strength throughout bilaterally," "[s]ensation was intact to light touch and pressure," "[g]ait was normal, and straight leg raise was normal bilaterally." Tr. at 27 (citations omitted); see Tr. at 369-70 (December 2014 treatment note). The ALJ observed that "[o]n examination in March 2015, straight leg raise was normal bilaterally and gait was normal." Tr. at 27 (citations omitted); see Tr. at 408-10 (March 2015 treatment note). The ALJ further stated that "[p]rogress notes from Shands Jacksonville dated December 17, 2015 indicate that [Plaintiff's] neck pain decreased from an 8 (out of 10) in severity to a 5 (out of 10) in severity post-op," that Plaintiff's "lower and upper extremity weakness was . . . slowly improving," and that Plaintiff "no longer need[ed] a cane for ambulation." Tr. at 27 (citation omitted); see Tr. at 529 (December 17, 2015 progress note). Plaintiff "had 5/5 strength throughout with the exception of 4+/5 grip strength on the right," "[s]ensation was intact to light touch and pinprick throughout," and "[g]ait was wide based." Tr. at 27 (citations omitted); see Tr. at 531 (December 17, 2015 progress note). The ALJ continued, "on examination in September 2016, [Plaintiff] had 5/5 strength throughout with the exception of 4+/5 grip

strength on the right,"[8] he "had normal gait," and he "was advised to undergo another course in physical therapy and pain management." Tr. at 27 (citations omitted); see Tr. at 551-53 (September 2016 treatment note).

Overall, the ALJ's determination that the effects of Plaintiff's impairments were not as great as Plaintiff alleged is supported by substantial evidence.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 2, 2019.

*[signature: James R. Klindt]*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record

---

[8] The September 2016 progress note indicates Plaintiff also had "4+/5" finger extension strength. See Tr. at 551. The ALJ's failure to specifically mention this, however, is harmless and does not change the undersigned's opinion and order.